UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

12-cv-80597-KAM

**FEDERAL TRADE COMMISSION,**

    Plaintiff,

v.

**STERLING PRECIOUS METALS, LLC**, a
Florida Limited Liability Corporation,

**KERRY MARSHALL,**

**MATTHEW MEYER,** and

**FRANCIS RYAN ZOFAY,**

    Defendants.

### STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND JUDGMENT AGAINST DEFENDANTS STERLING PRECIOUS METALS, LLC, MATTHEW MEYER, AND FRANCIS RYAN ZOFAY, ONLY

    Plaintiff, Federal Trade Commission ("FTC" or "Commission") filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b. The Commission and Defendants Sterling Precious Metals, LLC, Matthew Meyer, and Francis Ryan Zofay ("Settling Defendants") stipulate to the entry of this Stipulated Final Order for Permanent Injunction and Judgment ("Order") to resolve all matters in dispute in this action between them.

    By stipulating to the entry of this Order, Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.

    **IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

## FINDINGS

1. This court has jurisdiction over this matter.

2. The Complaint alleges that Defendants participated in deceptive acts or practices in violation of Sections 5(a) of the FTC Act, 15 U.S.C. §§ 45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the telemarketing, advertising, marketing, promoting, offering for sale, or selling of leveraged precious metals.

3. Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4. Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order. Each party agrees to bear their own costs and attorney fees incurred in this action.

5. Settling Defendants and the FTC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

1. **"Assisting others"** includes, but is not limited to: (a) performing customer service functions, including receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any marketing material, plan, or program; (c) providing names of, or assisting in the generation of, potential customers; or (d) performing marketing or billing services of any kind.

2. **"Charitable contribution"** means any donation or gift of money or any other thing of value.

3. **"Commercial Communication"** means any written or oral statement, illustration, or depiction that is designed to effect a sale or create interest in purchasing goods or services, whether it appears on or in a label, package, package insert, radio, television, cable television, brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, film, slide, audio program transmitted over a telephone system, telemarketing script, on-hold script, upsell script, training materials provided to telemarketing firms, program-length

2

commercial ("infomercial"), the internet, cellular network, or any other medium. Promotional materials and items and Web pages are included in the term "Commercial Communication."

    4.    **"Clear and Conspicuous Manner"** means:

        a.    In written Commercial Communications, the message shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears;

        b.    In oral Commercial Communications, the message shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it;

        c.    In Commercial Communications made through an electronic medium (including but not limited to television, video, radio, and interactive media, including but not limited to the Internet, online services and software), the message shall be presented simultaneously in both the audio and visual portions of the Commercial Communication. In any communication presented solely through visual or audio means, the message may be made through the same means in which the communication is presented. In any communication disseminated by means of an interactive electronic medium , including but not limited to the Internet, online services or software, a disclosure must be unavoidable and presented prior to the consumer agreeing to incur any financial obligation. Any audio message shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it. Any visual message shall be of a size and shade, with a degree of contrast to the background against which it appears and shall appear on the screen for a duration and in a location sufficiently noticeable for an ordinary consumer to read and comprehend it; and

        d.      Regardless of the medium used to disseminate it, the message shall be in understandable language and syntax. Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any Commercial Communication.

5.    **"Consumer"** means any person to whom goods or services are offered or from whom a charitable contribution is solicited.

6.    **"Corporate Defendant"** means Sterling Precious Metals, LLC, and its successors and assigns.

7.    **"Defendants"** means all of the "Individual Defendants" and the "Corporate Defendant," individually, collectively, or in any combination.

8.    **"Individual Defendants"** means Kerry Marshall, Matthew Meyer, and Francis Ryan Zofay.

9.    **"Investment Opportunity"** means anything tangible or intangible that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

10.    **"Net Proceeds"** means any sum remaining after satisfaction of senior recorded liens or encumbrances and after paying reasonable and customary fees, commissions, liquidation or closing costs associated with the sale or surrender of any asset.

11.    **"Outbound Telephone Call"** means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

12.    **"Person"** means an individual, organization, or other legal entity, including but not limited to an association, cooperative, corporation, limited liability company, organization, partnership, proprietorship, trust, or any other group or combination thereof.

13.    **"Settling Defendants"** means the Corporate Defendant and Settling Individual Defendants.

14.    **"Settling Individual Defendants"** means Matthew Meyer and Francis Ryan Zofay.

15.  **"Telemarketing"** means any plan, program or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephone calls.

## ORDER

### I. PERMANENT BAN

**IT IS HEREBY ORDERED** that Settling Defendants are permanently restrained and enjoined from Telemarketing, advertising, marketing, promoting, offering for sale, or selling of precious metals, including but not limited to gold, palladium, platinum, or silver.

### II. INJUNCTION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Settling Defendants, their officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the Telemarketing, advertising, marketing, promoting, offering for sale, or selling of any good or service, are permanently restrained and enjoined from:

A. Failing to disclose all material terms of a sales offer truthfully, in a Clear and Conspicuous Manner, and before a consumer agrees to pay, including but not limited to:

1. The total costs to purchase, receive, or use the goods or services offered, including all commissions, fees, interest charges, and amounts leveraged or financed;
2. The quantity of the goods or services;
3. All material restrictions, limitations, or conditions to purchase, receive, or use the goods or services offered, including any circumstance in which the payment of additional money would be required;

B. Misrepresenting, directly or by implication, any material term of a sales offer, including but not limited to:

1. The total costs to purchase, receive, or use the goods or services offered, including all commissions, fees, interest charges, and amounts leveraged or financed;

5

    2.    The quantity of the goods or services;

    3.    All material restrictions, limitations, or conditions to purchase, receive, or use the goods or services offered, including any circumstance in which the payment of additional money would be required;

    4.    Any material aspect of an Investment Opportunity, including but not limited to:

        i.    The risk associated with the Investment Opportunity, including that the Investment Opportunity is low risk;

        ii.    The liquidity of the Investment Opportunity;

        iii.    The earnings potential or profitability of the Investment Opportunity, including that a person is likely to earn high or substantial profits in a short period of time;

  C.    Assisting others in violating any provision of Paragraphs A or B of this Section.

## III.   INJUNCTION RELATING TO TELEMARKETING

IT IS FURTHER ORDERED that Settling Defendants, their officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, in connection with Telemarketing for or on behalf of a business that any Settling Defendant is a majority owner of or that any Settling Defendant controls, directly or indirectly, are restrained and enjoined for a period of 7 years after entry of this Order from failing to make an audio recording of the entirety of each Telemarketing call, including all inbound and Outbound Telephone Calls.

## IV.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendants, their officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

  A.    Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form

prescribed by the Commission, within 14 days;

      B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) that any Defendant obtained prior to entry of this Order in connection with the Telemarketing, advertising, marketing, promoting, offering for sale, or selling of leveraged precious metals; and

      C.     Failing to destroy such customer information in all forms in their possession, custody, or control within 14 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V.   MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

      A.     Judgment in the amount of $4,735,995.27 (Four Million Seven Hundred Thirty Five Thousand, Nine Hundred and Ninety Five Dollars and Twenty-Seven Cents) is hereby entered in favor of the Commission and against Settling Defendants, jointly and severally, for equitable monetary relief.

      B.     Settling Individual Defendant Matthew Meyer is ordered to:

          1.     Pay to the Commission the sum of $11,716 (Eleven Thousand Seven Hundred and Sixteen Dollars) within 7 days of entry of this Order;

          2.     Terminate his auto lease agreement with JP Morgan Chase Bank, N.A., for a 2012 Land Rover (Vehicle Identification No. ending *0321) and surrender the vehicle to the lessor in good condition, ordinary wear and tear excepted, within 7 days of entry of this Order;

          3.     Terminate his auto lease agreement with Porsche Leasing Ltd., for a 2013 Bentley Continental (Vehicle Identification No. ending *3455) and

    surrender the vehicle to the lessor in good condition, ordinary wear and tear excepted, within 7 days of this Order;

4. Immediately after surrendering the aforementioned 2012 Land Rover and 2013 Bentley Continental vehicles, terminate the auto insurance policies pertaining to such vehicles;

5. Pay to the Commission all Net Proceeds received relating to the surrender of the two aforementioned vehicles, including unused insurance premiums, within 3 days of receipt.

All payments to the Commission must be made by electronic funds transfer in accordance with instructions to be provided by a representative of the Commission. Upon such payment, the remainder of the judgment is suspended as to Settling Individual Defendant Matthew Meyer, subject to Subsections D-F below.

  C. Settling Individual Defendant Francis Ryan Zofay is ordered to pay to the Commission the sum of $17,045 (Seventeen Thousand Forty-Five Dollars) within 7 days of entry of this Order . All payments to the Commission must be made by electronic funds transfer in accordance with instructions to be provided by a representative of the Commission. Upon such payment, the remainder of the judgment is suspended as to Settling Individual Defendant Francis Zofay, subject to Subsections D-F below.

  D. The Commission's agreement to the suspension of any portion of the judgment is expressly premised on the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively "financial representations") submitted to the Commission, namely:

1. The Financial Statement of the Settling Individual Defendant Matthew Meyer signed on May 16, 2013, including the attachments identified as MEYER 00001- MEYER 00318;

2. The Financial Statement of the Settling Individual Defendant Francis Ryan Zofay signed on May 16, 2013, including the attachments ZOFAY 00001 – ZOFAY00565;

   3. The Financial Statement of the Corporate Defendant, including the attachments SPM 00001 – SPM 00473; and

   4. The sworn asset depositions of the Settling Defendants held on May 20-21, 2013.

 E. The suspension of the judgment will be lifted as to any Settling Individual Defendant if, upon motion by the Commission, the Court finds that Settling Individual Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or material omission in the financial representations identified above.

 F. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Individual Defendant in the amount specified in Subsection A above which the parties stipulate only for purposes of this Section represents the consumer injury or disgorgement amount alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VI. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

 A. Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

 B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

 C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security and Employer Identification Numbers), which Settling Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendants obtain acknowledgments of receipt of this Final Order:

A. Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For seven (7) years after entry of this Order, each Settling Individual Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in any Telemarketing; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

10

  C. From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 7 days, a signed and dated acknowledgment of receipt of this Order.

## IX. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendants make timely submissions to the Commission:

  A. Within 180 days after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

    1. Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Settling Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2. Additionally, each Settling Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

      B.      For fifteen (15) years following entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

          1.      Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that any Settling Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Final Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

          2.      Additionally, each Settling Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify its name, physical address, and Internet address, if any.

      C.      Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Settling Defendant within 14 days of its filing.

      D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 18 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

      E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate

Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Sterling Precious Metals, LLC*, Matter No. X120027.

## X. RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendants must create certain records for fifteen (15) years after entry of the Order, and to retain each such record for five (5) years. Specifically, Corporate Defendant and each Settling Individual Defendant for any business in which that Settling Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

    A.    Accounting records showing the revenues from all goods or services sold;

    B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

    C.    Records of consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    All Commercial Communications sent to consumers;

    E.    All audio recordings made pursuant to Section III of this Order; and

    F.    All records necessary to demonstrate full compliance with each provision of this Final Order, including all submissions to the Commission.

## XI. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for

depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant. Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

  C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Paragraphs 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XII. COOPERATION WITH COMMISSION COUNSEL

**IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or occurrences that are the subject of the Plaintiff's Complaint. Such Settling Defendants must provide truthful and complete information, evidence, and testimony. Settling Individual Defendants must appear and Corporate Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## XIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Order.

*This case is CLOSED.*

**DONE AND ORDERED** in Chambers in ~~Miami~~ WEST PALM BEACH, Florida, this 22nd day of August, 2013.

_____
United States District Judge
KENNETH A. MARRA

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

_____   Dated: 8/16/13
DAMA J. BROWN
Special Florida Bar No. A5501135
Email: dbrown1@ftc.gov
Telephone: (404) 656-1361

**GIDEON E. SINASOHN**
Special Florida Bar No. A55001392
Email: gsinasohn@ftc.gov
Telephone: (404) 656-1366

225 Peachtree Street, N.E., Suite 1500
Atlanta, Georgia 30303
(404) 656-1379 (Facsimile)

**Attorneys for Plaintiff**
**FEDERAL TRADE COMMISSION**

15

**FOR DEFENDANT:**

_____  Dated: 05/30/13
**HOWARD S. GOLDFARB**
Florida Bar No. 16568
Email: hgoldfarb@homerbonner.com
Telephone: (305) 350-5139

**PETER W. HOMER**
Florida Bar No. 219250
Email: phomer@homerbonner.com

Homer Bonner Jacobs
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131

**Attorneys for Defendants**
STERLING PRECIOUS METALS, LLC
MATTHEW MEYER, FRANCIS ZOFAY


**DEFENDANTS:**


_____  Dated:_____
**MATTHEW MEYER**


_____  Dated:_____
**FRANCIS RYAN ZOFAY, Individually and
As an Officer of STERLING PRECIOUS
METALS, LLC**

16

**FOR DEFENDANT:**

Dated:_____

_____
**HOWARD S. GOLDFARB**
Florida Bar No. 16568
Email: hgoldfarb@homerbonner.com
Telephone: (305) 350-5139

**PETER W. HOMER**
Florida Bar No. 219250
Email: phomer@homerbonner.com

Homer Bonner Jacobs
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131

Attorneys for Defendants
STERLING PRECIOUS METALS, LLC
MATTHEW MEYER, FRANCIS ZOFAY

**DEFENDANTS:**

*/s/ Matthew Meyer*

Dated: 5/24/13

**MATTHEW MEYER**

Dated:_____

_____
**FRANCIS RYAN ZOFAY**, Individually and
As an Officer of STERLING PRECIOUS
METALS, LLC

16

FOR DEFENDANT:

_____  Dated:_____
HOWARD S. GOLDFARB
Florida Bar No. 16568
Email: hgoldfarb@homerbonner.com
Telephone: (305) 350-5139

PETER W. HOMER
Florida Bar No. 219250
Email: phomer@homerbonner.com

Homer Bonner Jacobs
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131

**Attorneys for Defendants**
**STERLING PRECIOUS METALS, LLC**
**MATTHEW MEYER, FRANCIS ZOFAY**

DEFENDANTS:

_____  Dated:_____
MATTHEW MEYER

_____  Dated: 5/29/2013
FRANCIS RYAN ZOFAY, Individually and
As an Officer of STERLING PRECIOUS
METALS, LLC